UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> SHAIBAZ S., et al., <br><br> Defendants. | Case No. 15-cv-03943-JD <br><br> **ORDER RE SUMMARY JUDGMENT** |

Plaintiff Liberty Mutual Fire Insurance Company ("Liberty Mutual") brought this declaratory judgment action for a determination of its obligations in an underlying state action arising out of alleged incidents of sexual molestation in defendants' home. The state action settled, and Liberty Mutual now seeks a declaration on summary judgment that it had no duty to defend or indemnify defendants Shaibaz S. and Saiqha S., or their minor son, Ishaaq S. Liberty Mutual also seeks recovery of the settlement payment, and attorneys' fees and costs expended on a defense under a reservation of rights.

Defendants agree that there is no duty to defend or indemnify Ishaaq, who is alleged to have committed intentional torts. The main dispute on summary judgment is whether the sexual molestation exclusion in Liberty Mutual's policies bars coverage of the vicarious liability and negligence claims against defendants. Summary judgment is granted in favor of Liberty Mutual.

**BACKGROUND**

The material facts are undisputed. Beginning on April 14, 2009, Liberty Mutual issued renewable, yearly insurance policies to Shaibaz and Saiqha. Dkt. No. 44-21 (Akoto Decl.) ¶ 3; Dkt. No. 44 (Compendium of Exhibits), Exhs. D, E, & F. Liberty Mutual first issued LibertyGuard Tenants Policy No. H42-268-573995-40, which was effective until April 14, 2010,

and was renewed twice after that. Dkt. No. 44-21 ¶ 3; Dkt. No. 44, Exhs. D & E ("Tenants Policy"). This Tenants Policy was cancelled on October 4, 2011, at which time defendants purchased LibertyGuard Deluxe Homeowners Policy No. H32-268-844454-40, which was effective through October 2012. Dkt. No. 44-21 ¶ 3; Dkt. No. 44, Exh. F ("Homeowners Policy").

In December 2012, minor Ethan M. and some of his family members filed a complaint against defendants and their minor son, Ishaaq, in Contra Costa County Superior Court. Dkt. No. 44-21 ¶ 8; Dkt. No. 44, Exh. C. They alleged that Ishaaq sexually molested Ethan in defendants' home from June 2011 through May 2012. Dkt. No. 44-21 ¶ 8; Dkt. No. 44, Exh. C ¶¶ 20-26. They also alleged that defendants knew of Ishaaq's "violent sexual tendencies," but nonetheless allowed him to play with Ethan unsupervised. Dkt. No. 44, Exh. C ¶¶ 42-50. Ethan's family sued Ishaaq for sexual battery and intentional infliction of emotional distress. *Id.*, Exh. C at 4-5. They sued Shaibaz and Saiqha for: (1) sexual battery -- imputed parental liability, (2) intentional infliction of emotional distress, (3) negligent failure to warn, and (4) negligent failure to supervise. *Id.*, Exh. C at 4-6.

Under the insurance policies effective during that period, defendants tendered their and Ishaaq's defense and indemnity to Liberty Mutual. Dkt. No. 48 (Shaibaz S. Decl.) ¶ 4. Liberty Mutual denied coverage for Ishaaq, but agreed to defend Shaibaz and Saiqha subject to a full reservation of rights. Dkt. No. 44-21 ¶¶ 11-12; Dkt. No. 44, Exhs. J & K. In 2013, Ethan's family agreed to a settlement with defendants for $300,000, which Liberty Mutual paid. Dkt. No. 44-21 ¶¶ 14-18, Exhs. M-P, R.

Liberty Mutual filed this complaint on August 28, 2015, against Shaibaz and Saiqha for declaratory judgment and restitution. Dkt. No. 1. It filed an amended complaint on September 1, 2015, to add Doe defendants. Dkt. No. 7; *see also* Dkt. No. 27. Liberty Mutual seeks a determination that: (1) it properly denied coverage for Ishaaq; (2) it had no duty to defend defendants or to pay any portion of the defense costs; (3) it had no duty to pay the $300,000 settlement; and (4) defendants must reimburse Liberty Mutual for those costs of defense and settlement, plus applicable prejudgment interest. Liberty Mutual now moves for summary judgment on all counts. Dkt. No. 44.

The pertinent coverage provisions are straightforward:

> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we [insurer] will:
>
> 1. Pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured"; and
>
> 2. Provide a defense at our expense by counsel of our choice even if the suit is groundless, false or fraudulent.

Dkt. No. 44, Exh. D at 12 & Exh. F at 18. The policies define "[i]nsured" to include the "named insured" and "residents of [the named insured's] household who are: a. [the named insured's] relatives; or b. [o]ther persons under the age of 21 and in the care of any person named above." *Id.*, Exh. D at 5 & Exh. F at 8. The policies further provide that:

> 1. "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services or death that results.
>
> \* \* \*
>
> 5. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:
>     a. "Bodily injury"; or
>     b. "Property damage."

*Id.*

Each policy expressly incorporates a "Molestation Exclusion," which states that liability does not apply to "bodily injury" or "property damage" "[a]rising out of sexual molestation, corporal punishment or physical or mental abuse." *Id.*, Exh. D at 12, 14 & Exh. F at 18-19.

Each policy also excludes intentional acts committed by insureds. The Tenants Policy, as modified by Endorsement HO 04 01 06 93, excludes "bodily injury" or "property damage" "which is expected or intended by one or more 'insureds.'" *Id.*, Exh. D at 27. The Homeowners Policy, as modified by Endorsement FMHO 2510 (Ed. 5/03), excludes "bodily injury" or "property damage" "[w]hich is expected or intended by the 'insured,' even if the resulting 'bodily injury' or 'property damage' 1) is of a different kind, quality, or degree than initially expected or intended;

3

or 2) is sustained by a different person, entity, real or personal property, than initially expected or intended." *Id.*, Exh. F at 31. In addition, the policies contain a severability clause which provides that "[t]his insurance applies separately to each 'insured.'" *Id.*, Exh. D at 15 & Exh. F at 21.

## DISCUSSION

As the plain language of the policies states, coverage does not apply to bodily injury or property damage arising out of sexual molestation. The parties dispute whether this language should be read to mean "arising out of the insured's activity" or "arising out of any related conduct by anyone." *See* Dkt. No. 45 at 2, 20.

The principles governing the interpretation of California insurance policies are well-settled. Under California law, the insured has the initial burden of showing that "the occurrence forming the basis of its claim is within the basic scope of insurance coverage." *Aydin Corp. v. First State Ins. Co.*, 18 Cal. 4th 1183, 1188 (1998). Once an event has been shown to fall within the scope of coverage, the insurer has the burden of showing that an exclusion or limitation applies. *Essex Ins. Co. v. City of Bakersfield*, 154 Cal. App. 4th 696, 705 (2007). As contracts, insurance policies are interpreted by the basic rules of contract interpretation, where the "fundamental goal … is to give effect to the mutual intention of the parties." *Compass Ins. Co. v. Univ. Mech. & Eng'r Contractors, Inc.*, No. 14-cv-04295-JD, 2016 WL 1169312, at *2 (N.D. Cal. Mar. 25, 2016) (internal quotation omitted). Ambiguities are construed against the insurer and in favor of coverage. *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 822 (1990).

Defendants say the molestation clause cannot mean "arising out of any related conduct by anyone" because it would render other policy provisions ambiguous or redundant. Dkt. No. 45 at 2, 20. They point to other exclusions that specifically mention vicarious liability and additional persons. *Id.* at 7-9. For example, the policies also exclude claims:

> f.  Arising out of:
>
> (1) The ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an "insured"…

4

> (3) Vicarious liability, whether or not statutorily imposed, for the
> actions of a child or minor using a conveyance excluded in
> paragraph (1) or (2) above.

Dkt. No. 44, Exh. D at 13 & Exh. F at 18-19. Similarly, the section after the molestation exclusion contains language that excludes claims:

> j. Arising out of the use, sale, manufacture, delivery, transfer or
> possession by any person of a Controlled Substance(s)…

*Id.*, Exh. D at 14 & Exh. F at 19.

But this attempt to find ambiguity is misdirected. In *Flores v. AMCO Insurance Co.*, No. 07-cv-1183-LJO-DLB, 2007 WL 3408255, at *8 (E.D. Cal. Nov. 15, 2007), *aff'd, Flores v. AMCO Ins. Co.*, 323 F. App'x 587 (9th Cir. 2009), the insured argued that the sexual molestation exclusion in her policy was ambiguous because it failed to expressly exclude acts "by anyone," while other provisions referenced who was excluded. The court rejected that argument, noting that "[t]he sexual molestation exclusion is not ambiguous because it lacks reference to whom commits 'sexual activity or conduct.'" *Id.* Defendants say this case is inapplicable, but the exclusion in *Flores* is equivalent to the one in the Liberty Mutual policies, and here too, the absence of a reference to a specific tortfeasor makes the exclusion broad, not ambiguous. *Flores*, 323 F. App'x at 587-88.[1]

There is also no ambiguity from the fact that other sections mention vicarious liability. Sexual molestation is an intentional tort. *J.C. Penney Cas. Ins. Co. v. M.K.*, 52 Cal. 3d 1009, 1025 (1991). The policies would not cover a vicarious liability claim for molestation because the underlying conduct does not qualify as an "accident," which is required to meet the definition of an "occurrence." *See Fed. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 637 F. App'x 340, 341 (9th Cir. 2016); *see also Minkler v. Safeco Ins. Co. of Am.*, 49 Cal. 4th 315, 325 (2010).

---

[1] Defendants misstate the operative policy clause at issue. The Ninth Circuit noted that the policy had "a broad exclusion stating that any bodily injury or property damage arising out of sexual conduct, no matter by whom, is excluded from liability coverage." *Flores*, 323 F. App'x at 587-88. But the actual language of the exclusion was stated in the district court order as: "'[b]odily injury' … arising out of any: a. sexual activity or conduct …" *Flores*, 2007 WL 3408255, at *4.

5

Defendants' reliance on *Minkler* is also misplaced. There, a mother was the named insured under a homeowner policy and her adult son was an additional insured. *Minkler*, 49 Cal. 4th at 318. After her son molested a minor in their home, the minor sued for multiple claims including sexual battery, intentional infliction of emotional distress, and negligence for the mother's failure to supervise her son. *Id.* at 318-19. The policy at issue contained a severability clause and an exclusion clause for intentional acts committed "by an insured." *Id.* at 320. The California Supreme Court found that while there was no coverage for the son's intentional acts, the mother was covered because of the ambiguity in the interplay between the severability and intentional exclusion provisions, specifically how to interpret "an insured." *Id.* at 331-33. It noted that the severability clause could "reasonably be read" so that an exclusion of coverage for a "specified kind of culpable conduct applies only to the individual insured or insureds who committed it." *Id.* at 332. The Court, however, expressly stated that the policy it was analyzing did not contain the common sexual molestation exclusion and "nothing [it held] in this case concerns how" that type of exclusion should apply. *Id.* at 325. Here, the Liberty Mutual policies have a clear sexual molestation provision, without reference to "an insured," and *Minkler* is inapposite.

## CONCLUSION

The Liberty Mutual policies exclude any injuries arising from sexual molestation and exclude not only liability for the sexual misconduct itself, but any claim which stems from the misconduct, irrespective of the legal theory asserted. Liberty Mutual therefore had no duty to defend or indemnify defendants in the underlying state action. *Compass*, 2016 WL 1169312, at *5-6. Because defendants do not dispute the issue, Dkt. No. 45 at 20, and because the act of sexual molestation does not meet the policies' definition of an "occurrence," Liberty Mutual had no duty to defend Ishaaq. Defendants also do not object to the claims for reimbursement, and Liberty Mutual is entitled to reimbursement from defendants of $17,430 paid in defense fees and costs, and $300,000 paid in settlement, plus interest.

//

//

//

6

Consequently, the motion for summary judgment is granted for all counts in the complaint and a judgment will issue.

**IT IS SO ORDERED.**

Dated: May 16, 2017

JAMES DONATO
United States District Judge